UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CONSTANCE CARTER** | * | **DOCKET NO.** |
| | * | **HURRICANE CASE** |
| | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| **GEOVERA ADVANTAGE INSURANCE** | * | **MAGISTRATE JUDGE:** |
| **SERVICES, INC.** | * | |

## NOTICE OF REMOVAL

Defendant GeoVera Specialty Insurance Company (hereinafter "GeoVera"), appearing on behalf of the incorrectly named GeoVera Advantage Insurance Services, Inc. and appearing through undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. §§ 1332 and 1441, and hereby removes this matter from the 29th Judicial District Court, Parish of St. Charles, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

### I. PROCEDURAL HISTORY

1.

Plaintiff, Constance Carter ("Plaintiff"), filed this lawsuit in the 29th Judicial District Court, Parish of St. Charles for the State of Louisiana, against the incorrectly named GeoVera Advantage Insurance Services, Inc, on September 27, 2022. The case was captioned "*Constance Carter versus GeoVera Advantage Insurance Services, Inc.*" Docket No. 00091179. (*See* Petition for Damages, attached hereto and marked for identification as "Exh. A" PAGE 1 -8).

Due to incorrectly naming GeoVera in the original petition, Plaintiff thereafter filed a First Supplemental and Amending Petition for Petition for Damages supplementing the original petition

1

to read "Constance Carter versus GeoVera Specialty Insurance Company." (*See* First Supplemental and Amending Petition for Petition for Damages, Citation and Proof of Service upon GeoVera through the La. Secretary of State on December 22, 2022, Mailing of Petition by Secretary of State to GeoVera through Corporation Service Company on December 23, 2022, attached hereto and marked for identification as "Exh. B" PAGE 1-8).

2.

The petition alleges that Plaintiff owned property located as 192 Keller Street, Hahnville, Louisiana 70057 (Exh. A. at p.2 ¶5). Plaintiff alleges that GeoVera provided a policy of insurance to Plaintiff. (Exh. A. at p.2 ¶6). Plaintiff alleges that on August 29, 2021, Hurricane Ida struck Hahnville, Louisiana causing severe damage to the Plaintiff's property. (Exh. A. at p.2 ¶7). Plaintiff alleges that to date, GeoVera issued funds to Plaintiff for $106,398.70 for Coverage A, $8,297.39 for Coverage C, and $45,799.75 for Coverage D. (Exh. A. at p.2 ¶11). Plaintiff alleges that Plaintiff's public adjusting firm, Victory Public Adjusting, sent a supplemental estimate to Defendant outlining additional damages to Plaintiff's property. (Exh. A. at p.2 ¶12). Plaintiff alleges that GeoVera is liable for bad faith penalties pursuant to La. R.S. 22:1892 and La. R.S. 22:1973, actual repair costs to the property, additional living expenses, and mental anguish. (Exh. A. at p.7 ¶45).

3.

GeoVera removes this action from the 29th Judicial District, Parish of St. Charles to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441, *et seq*.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332 AS THE AMOUNT IN CONTROVERSY EXCEEDS $75,000 EXCLUSIVE OF INTEREST AND COSTS AND THE PARTIES ARE DIVERSE IN CITIZENSHIP

4.

28 U.S.C. § 1332 provides federal district courts with concurrent original jurisdiction in cases "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States."

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit that supports a finding of the requisite amount.'" *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995).

6.

On April 8, 2022, Plaintiff submitted a Sworn Statement in Proof of Loss claiming a total loss of $177,161.72 ($165,711.72 after application of $11,450.00 deductible). (*See* Sworn Statement in Proof of Loss dated April 8, 2022, attached hereto and marked for identification as "Exh. C"). On or about May 10, 2022 Plaintiffs' adjuster, Victory Public Adjusting Firm, LLC, prepared an estimate for alleged damages to the property as a result of Hurricane Ida for $281,396.29 for Coverage A damages to the dwelling. (*See* Victory Public Adjusting Firm, LLC

estimate dated May 10, 2022, attached hereto and marked for identification as "Exh. D" PAGES 1-28).

7.

Plaintiff's Sworn Statement in Proof of Loss and adjuster's estimate can be considered by this court in support of GeoVera's burden of proof to show by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount. Judges within Louisiana federal courts have "[p]reviously held that the amount sought in a pre-removal settlement demand letter is "valuable evidence to indicate the amount in controversy at the time of removal.'" *Richard v. Starr Indemnity and Liability Co.*, 16-663, 2016 WL 11264643 *3 (M.D. 12/29/206) (Bourgeois, M.J.) unpublished *Citing to Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995). "It can be inferred from several Fifth Circuit cases that such a practice is permissible when the settlement offer reflects an honest assessment of the value of plaintiff's claims." *McGlynn v. Huston*, 693 F. Supp. 2d 585, 595 n.8 (M.D. La. 2010) (Noland, M.J.). *See also Wilson v. Berlin*, 20 F.3d 644,651 n.8 (5th Cir. 1994) (Removal was proper because plaintiff's counsel had sent defendants a letter "stating that the amount in controversy exceed $50,000, the minimum amount at that time required for diversity cases); *Addo v. Global Life & Acc. Ins. Co*., 230 F.3d 759, 762 (5th Cir. 2000) (holding that a demand letter can serve as an 'other paper from which it may be first ascertained that the case is one which is or has become removable" for the purpose of determining whether removal is timely under 28 U.S.C. §1446 (b) ).

8.

In his petition, Plaintiff alleges damages in all the categories outlined in the Sworn Statement in Proof of Loss and in the Victory Public Adjusting Firm, LLC estimate. Plaintiff's

Sworn Statement in Proof of Loss and Victory Public Adjusting Firm, LLC estimate assessing the value of his claims as of May 10, 2022, when considered the allegations contained in the lawsuit, demonstrates that the amount in controversy exceeds $75,000 exclusive of interests and costs.

9.

Geovera is a foreign insurance corporation duly organized under the laws of the State of Delaware and having its principal place of business in the State of California. Plaintiff is a resident of St. Charles Parish and citizen of the State of Louisiana. There is complete diversity between the parties.

10.

While GeoVera admits no liability nor any element of damages, it is apparent from the facts set forth in this notice of removal that the matter in controversy exceeds $75,000. GeoVera has met its burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### III.   GEOVERA HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

11.

GeoVera was served with the First Supplemental and Amending Petition for Petition for Damages through its statutory agent for Service of Process, the Louisiana Secretary of State on December 22, 2022 (See Exh. B Service Return). The Secretary of State forwarded the petition to GeoVera on December 23, 2022. (See Exh. B. Letter from Secretary of State). "[C]ourts in the Fifth Circuit have held that the time for removal commences when the defendant actually receives formal process, as opposed to when service is made on the Secretary of State as the defendant's statutory agent." *Brown v. S.L. Netterville Logging, Inc.* 09-200, 2009 WL 1875755 (M.D. La.

June 26, 2009) (Brady, J., Riedlinger, M.J.) (unpublished) citing to *Manuel v. Unum Life Ins. Co. of America*, 932 F. Supp. 784 (W.D. La. 1996) (30-day period for removal did not commence upon service of Secretary of State, but upon insurer's actual receipt of copy of that pleading); *Crescent City Holdings, LLC v. Scottsdale Ins. Co.*, 2008 WL 783592 (E. D. La. March 25, 2008) (general rule is that 30-day clock does not begin to run when a statutory agent such as the secretary of state is served, but begins to run when defendant or someone serving as defendant's agent in fact receives process); (other citations in footnote omitted).

12.

This Notice of Removal is filed within thirty (30) days after service of the petition on GeoVera on December 22, 2022.

13.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332 (a)(2), which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

14.

The 29th Judicial District Court for the Parish of St. Charles, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

15.

No previous application has been made by GeoVera for the relief requested herein.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition, First Supplemental and Amending Petition for Petition for Damages, and all other pleadings of record served on or by GeoVera to date, are attached hereto as Exhibit A and Exhibit B.  Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon George R. Ketry, Jr., Counsel for Plaintiff Constance Carter, and the Clerk of Court for the 29th Judicial District Court, Parish of St. Charles, State of Louisiana.  No other process, pleadings, or orders have been served upon GeoVera.

### IV.   CONCLUSION

16.

Under the applicable provisions of 28 U.S.C. §1441 and other applicable statutes, all of which Defendant, GeoVera, has complied with, this cause of action is removable to the United States District Court for the Eastern District of Louisiana.

17.

GeoVera reserves the right to supplement or amend this Notice of Removal.

18.

GeoVera reserves all defenses, and the filing of this Notice of Removal is subject to, and without waiver, of any and all defenses that are or might become, including, but not limited to those available to GeoVera.

19.

The Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts.

Respectfully submitted,

 /s/ Samuel P. Baumgartner
**SAMUEL P. BAUMGARTNER (35436)**
**DAVID J CREIGHTON (35461)**
Porteous, Hainkel & Johnson L.L.P.
408 N. Columbia Street
Covington, LA  70433-2920
Telephone:  (985) 893-4790
Direct Line:  (985) 246-7460
Direct Fax:  (985) 246-7461
Email:  sbaumgartner@phjlaw.com
*Counsel for Defendant GeoVera Specialty Insurance Company*

## CERTIFICATE OF COMPLIANCE WITH 28 U.S.C. § 1446(d)

I hereby certify that on this 20th day of January, 2023 a copy of the foregoing Notice of Removal has been sent to the following:

**Counsel for Plaintiff Constance Carter (Via Email)**
George R. Ketry, Jr.
Ketry Law Firm, LLC
732 Paul Maillard Road
Luling, Louisiana 70070
T: (985) 785-6620
F: (985) 785-6628
E: ketrylawfirm@gmail.com
AND
St. Charles Parish Clerk of Court -
Hon. Lance Marino
29th Judicial District Court
15045 River Road
Hahnville, Louisiana 70057
T: (985) 783-6632
F: (985) 783-2005

 /s/ Samuel P. Baumgartner
**SAMUEL P. BAUMGARTNER**